**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**HICA EDUCATION LOAN CORPORATION,**

                              **Plaintiff,**

   vs.                                           **5:11-CV-00593**
                                                            **(MAD/ATB)**

**BRIAN D. BABIAK,**

                              **Defendant.**
_____

**APPEARANCES:**                                      **OF COUNSEL:**

OFFICE OF ALLEN M. ROSENTHAL          Frank Steven Tate, Esq.
550 Old Country Road
Suite 201
Hicksville, New York 11801
*Attorney for Plaintiff*

**Mae A. D'Agostino, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

On May 27, 2011, plaintiff HICA Education Loan Corporation ("plaintiff") commenced the above captioned action alleging that defendant defaulted on a promissory note. Presently before the Court is plaintiff's motion for entry of a default judgment against defendant pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. (Dkt. No. 8). The Court has jurisdiction over this suit pursuant to 28 U.S.C. § 1331.

**II.    BACKGROUND**

The Court has taken the facts set forth below from plaintiff's pleading and submissions.[1] HICA is a South Dakota corporation with its principal place of business in Sioux Falls, South

---

[1] Defendant has submitted no contrary evidence as to the material facts.

Dakota.  Defendant Brian D. Babiak is an individual and resident of New York.  On May 17, 1993, defendant executed a promissory note payable to Key Bank of Maine in the original principal amount of $20,000.00 ("the Note").  The Note is governed by the Health Education Assistance Loan ("HEAL") Program and 42 U.S.C. §§ 294 *et seq*.  Plaintiff is the holder of the Note and entitled to receive payments due under its terms.  The Note provided for the payment of interest at a yearly rate which was equal to a variable rate calculated by the Secretary of the Department of Health and Human Services.

### III.    DISCUSSION

### A.    Default Judgment

"Under Rule 55(b) default judgment shall be entered if a defendant has failed to plead or otherwise defend an action." *Parise v. Riccelli Haulers, Inc.*, 672 F.Supp. 72, 74 (N.D.N.Y.1987). Fed.R.Civ.P. 55(b)(2) and Local Rule 55.2 set forth the procedural prerequisites plaintiffs must meet before a motion for default motion may be granted. Plaintiffs must: (1) properly serve defendant with a summons and complaint (to which no response has been made); (2) obtain an entry of default; and (3) provide an affidavit setting forth the facts required by L.R. 55.2(a), including an affidavit of non-military service and evidence that defendant is neither an infant nor incompetent. *See* Fed.R.Civ.P. 55(b)(2); N.Y.N.D.L.R. 55.1 and 55.2.

As referenced above, plaintiff filed a complaint on May 27, 2011. On July 11, 2011, plaintiff filed the returns of service with the Court.  Plaintiff avers that defendant never answered or otherwise moved with respect to the complaint, thus on September 2, 2011, plaintiff requested a clerk's entry of default.  Said default was entered on September 6, 2011.  On October 25, 2011, plaintiff filed a notice of motion for default judgment pursuant to Fed.R.Civ.P.  55(b). Plaintiff

has fulfilled the procedural prerequisites for default judgment. Accordingly, the Court will address the issues of liability and damages.

**B.     Liability**

"A party's default is deemed to constitute a concession of all well-pleaded allegations of liability." *Resolution Trust Corp. v. Forney*, 1993 WL 261415, *1 (W.D.N.Y.1993) (citing *Greyhound Exhibitgroup v. E.L. U.L. Realty*, 973 F.2d 155, 158 (2d Cir.1992)). The allegations in plaintiffs' complaint and supporting papers are therefore presumed accurate.

Plaintiff claims that defendant defaulted on his obligations under the Note. By failing to answer plaintiff's complaint or oppose this motion, defendant has effectively conceded that he is bound by the terms of the Note he entered into with plaintiff, and liable for the entire amount as assessed by plaintiff, as well as interest.

**C.     Damages**

Plaintiff seeks $39,296.51 in damages, representing the total amount owed by defendant. In support, plaintiff has provided the Declaration of Robin Zimmerman, a Senior Litigation Analyst for Sallie Mae, Inc.[2] Plaintiff claims that defendant is indebted for unpaid principal in the amount of $32,956.37 accrued, unpaid interest through that date in the amount of $6,340.14 and accrued, with interest continuing to accrue after that date at a variable rate set forth in the Note, when calculated, at the rate of $2.81 per day; amounting to $39,296.51.

Upon review of plaintiff's submissions, the Court awards judgment in plaintiff's favor for the sum certain sought. *See HICA Educ. Loan Corp. v. Bolte*, 2012 WL 423361, at *3 (S.D.N.Y. 2012) (there was no reason to delay the entry of judgment against defendant for the sum certain).

---

[2] Sallie Mae, Inc. is the servicing agent for HICA.

## IV.   CONCLUSION

It is hereby

**ORDERED** that in view of default by defendant in failing to answer the complaint or make any appearance in this matter and the Clerk of the Court having entered default by defendant and no appearance or objection having been made by defendant since that time, plaintiff's motion for default judgment (Dkt. No. 8) against defendants is **GRANTED**; it if further

**ORDERED** that plaintiff is awarded $39,296.51 in damages with additional prejudgment interest from September 8, 2011 to the date of judgment against defendant at a rate of $2.81 per day.

The Clerk of the Court is directed to enter judgment and close this case.

**IT IS SO ORDERED.**

Dated: March 5, 2012
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge